## Backenstoe *v.* O'Neil, Appellant.

*Insurance—Mutual fire insurance—Assessments—Cancelation of policy.*
Where a policy of mutual fire insurance provides that the policy " shall be canceled at any time at the request of the insured," but a by-law provides that if a member neglects or refuses to pay any assessment the policy shall be void and " if a policy becomes void from any cause the directors shall retain such premium note or other obligation and collect the amount assessed thereon during the full term of the policy, unless the amount claimed be paid, and the policy is properly canceled sooner," the insured is not entitled to a cancelation of the policy until he has paid all assessments levied upon him.

Argued May 22, 1901. Appeal, No. 49, April T., 1901, by defendant, from order of C. P. Warren County, June T., 1900, No. 10, making absolute rule for judgment for want of a sufficient affidavit of defense in case of C. Hershey Backenstoe, Receiver of the Susquehanna Mutual Fire Insurance Company, v. John O'Neil. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover assessments on a policy of mutual fire insurance.

The defendant in his affidavit of defense claimed that his policy had been canceled, and that the assessments claimed had been made after, and for losses sustained after, the cancelation of his policy.

LINDSEY, P. J., filed an opinion, the material portion of which was as follows :

The facts set out in the affidavit of defense, in relation to

notice of cancelation of the defendant's policy and the mailing of the policy to the company we think are sufficient, providing the defendant had a right to cancel or demand a cancelation of his policy under the terms of his contract with said company.

We also think the language of the standard policy, printed in the defendant's policy, and relied on by him as giving him the right to have his policy canceled at any time, is a part of the contract, notwithstanding the act of April 16, 1891, requiring the insurance commissioner to prepare such uniform policy, and that no other should be used, etc., has been held to be unconstitutional: O'Neil v. Am. Fire Ins. Co., 166 Pa. 72. The company having printed it in the policy delivered to the defendant, we think it constituted a part of the contract between them.

In the case of the Com. ex rel. Hensel, Atty. Gen., v. Susquehanna Mut. Fire Ins. Co., 14 Pa. C. C. Rep. 438, the court of common pleas of Dauphin county on March 13, 1894, entered a decree prohibiting this company from printing by-law 13 in their policies to be thereafter issued, because by-law 13 was in conflict with the stipulation in the body of the standard policy, the same stipulation relied on by the defendant giving him the right to demand cancelation at any time. That decree was in force at the time defendant's policy was issued, July 24, 1894. The company had, therefore, no right to print by-law 13 in its policy at that time and it could, therefore, form no part of the contract between the company and the defendant.

But by-law 28 is printed in, and made part of the policy and, therefore, constituted a part of the contract between the company and the defendant: Susquehanna Mut. Fire Ins. Co. v. Gachenback, 115 Pa. 492. Said by-law is as follows: " If any member neglects or refuses to pay any assessment that may be levied on a premium note, policy of insurance or adjusted basis on or before the day fixed by the secretary for the payment of the same, then, and in every such case, the policy given upon such note or other obligation shall be void until the assessment or assessments be or are actually paid, nevertheless such member or members shall be liable for all assessments which may be levied during the suspension of such policy on account of the nonpayment of a previous assessment, and if a policy becomes void from any cause the directors shall retain such premium note or other obligation and collect the amount assessed thereon

during the full term of the policy, unless the amount claimed be paid and the policy is properly canceled sooner."

The stipulation in the policy, being part of the standard policy is as follows: " This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancelation."

These are both part of the contract between the company and the defendant, and must be construed together, that is, the contract must be construed as a whole, and so construing it we think the defendant had a right to demand a cancelation of the contract, but not until he had paid all assessments due or assessed against him as prescribed in by-law 28. There is no conflict between this by-law and the stipulation referred to. It was not included in the decree in Com. v. Susquehanna Mut. Fire Ins. Co., supra. By-law 13 was the only one included in that decree.

Again, if the stipulation does not constitute a part of the contract between the company and the defendant, by reason of its being void as being part of the standard policy prescribed by the insurance commissioner as required by the act of April 16, 1891, which act has been held to be un-'constitutional by the Supreme Court, in O'Neil v. Artisans' Ins. Co., 166 Pa. 72, then it leaves by-law 28 as constituting the contract between the parties, and defendant had no right to demand a cancelation of the policy at the time he claims to have done so, as by his own affidavit he was in arrears for the one half of assessment No. 22, the first assessment, and, therefore, as no part of that assessment has been paid the defendant became liable for all the other assessments.

To make defendant's affidavit of defense sufficient to prevent judgment, defendant must necessarily allege that he had paid all assessments up to the date when he gave notice of cancelation which he has not done.

The rule is, therefore, made absolute, the prothonotary to liquidate the judgment according to the plaintiff's statement.

*Error assigned* was the order of the court.

*W. W. Wilbur*, of *Wilbur & Schnur*, for appellant.—While a policy remains suspended for nonpayment of an assessment the

insured is liable to be assessed, but he has the right of cancellation at any time under his policy, and this right is not taken away, because his policy is suspended for nonpayment of assessment: Akers v. Hite, 94 Pa. 394; Susquehanna Mutual Fire Ins. Co. v. Oberholtzer, 172 Pa. 231; Matten v. Butz, 6 Pa. Superior Ct. 575; Davidson v. London, etc., Fire Ins. Co., 189 Pa. 136; Philadelphia Tool Co. v. British-Am. Assurance Co., 132 Pa. 241.

*Edward Lindsey*, with him *James O. Parmlee*, for appellee.— The insured in order to affect a cancelation, if he had not actually prepaid the premium, must pay or tender to the Burlington Insurance Company the portion thereof it had earned: Burlington Ins. Co. v. McLeod, 34 Kansas, 189; Detroit Manufacturers' Mutual Fire Ins. Co. v. Merrill, 101 Mich. 393; Manlove v. Bender, 39 Ind. 371; Susq. M. F. Ins. Co. v. Oberholtzer, 172 Pa. 223; Dettra v. Kestner, 147 Pa. 566; Eichman v. Hersker, 170 Pa. 402; State Mutual Fire Ins. Co. v. Smith, 1 Pa. Superior Ct. 470; Hummel Co.'s App., 78 Pa. 320; Columbia Ins. Co. v. Buckley, 83 Pa. 293; Farmers' Mut. Ins. Co. v. Wenger, 90 Pa. 220; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Schofield v. Leach, 15 Pa. Superior Ct. 355; Solly v. Moore, 11 Pa. C. C. Rep. 333; Burmwood v. Farmers' Union Ins. Co., 42 Neb. 598; Corey v. Sherman (Iowa), 32 L. R. A. 490; Hyatt v. Wait, 37 Barb. (N. Y.) 29; Seamans v. Miller's M. Ins. Co., 90 Wis. 490; Stockley v. Hartley Bros., 12 Pa. Superior Ct. 628.

OPINION BY BEAVER, J., July 25, 1901:

We think this judgment was properly entered for want of a sufficient affidavit of defense. The opinion of the court below is full, clear and convincing. The defendant had a right to the cancelation of the contract only upon a compliance with the terms and conditions of his policy. These are to be taken together, and, under the 28th section of the by-laws, there could be no cancelation, until all the assessments, for which the members of the company were liable, were paid.

The defendant admits his liability for at least a portion of assessment No. 22. He sent his policy for cancelation, with-

out the payment of what he admits to be due. Under the terms of his membership, therefore, in the company, he was not entitled to have his policy canceled, so as to relieve him from the payment of subsequent assessments, so long as the policy was in force or any liability arose under his membership in the company.

It is not necessary to add anything to the opinion of the court below, in which all the questions raised are clearly and fully discussed.

Judgment affirmed.